DÍAZ, PETICIONARIO Y APELANTE, *v.* EL PUEBLO, OPOSITOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un procedimiento de *habeas corpus.*

No. 1502.—Resuelto en mayo 8, 1920.

DERECHO DEL PUEBLO A REUNIRSE EN ASAMBLEAS—USO DE CALLES Y PLAZAS—ORDENANZAS MUNICIPALES. — Fundándose una ordenanza municipal en que para la celebración de asambleas públicas (*meetings*) en calles y plazas es necesario obtener previa licencia con veinte y cuatro horas de anticipación, por lo menos, del comisionado de servicio público, policía y prisiones para que éste pueda avisar al jefe de policía del distrito para su conocimiento y acción procedente, tal término, teniendo en cuenta la facilidad de comunica-

ciones que hay en Puerto Rico por telégrafo, teléfono y carreteras, no es razonable y es contrario a la sección 2, párrafo 17 de la vigente carta orgánica.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. del Toro Fernández.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal..

El Concejo de Administración del Municipio de Yauco aprobó en 30 de diciembre de 1909 la siguiente ordenanza:

"No. 3.—*Ordenanza reglamentando la concesión de permisos para la celebración de mítines en las plazas y calles de la población.*—Por cuanto; con motivo de la actual huelga agrícola se vienen celebrando frecuentes mítines en esta población.—Por cuanto: no existe ordenanza vigente alguna relativa al permiso que para tales actos debe exigirse.—Por cuanto: estos permisos deben solicitarse con la debida anticipación para que puedan tomarse las medidas conducentes a evitar alteraciones del orden.—Por tanto, ordénase por el Concejo de Administración de Yauco, P. R., reunido en sesión extraordinaria:—Sección 1ª. Toda persona que interese ocupar una de las plazas o calles de la población de Yauco para la celebración de un mitin, solicitará del Comisionado de Servicio Público, Policía y Prisiones, por escrito y con veinte y cuatro horas de anticipación por lo menos, el correspondiente permiso, expresando el día y hora en que haya de llevarse a efecto el acto; *Disponiéndose* que el Comisionado de Servicio Público podrá prohibir estos actos en la plaza "Washington" cuando lo crea conveniente.—Sección 2ª. El Comisionado de Servicio Público, Policía y Prisiones, al recibir la solicitud indicada en la precedente sección expedirá el permiso, dando inmediatamente aviso al Jefe de la Policía del Distrito para su conocimiento y acción procedente.—Sección 3ª. Las infracciones a la presente ordenanza serán penadas por la corte correspondiente con multa de cinco a cincuenta dollars o prisión de cinco a quince días o con ambas penas a juicio del tribunal. Sección 4ª. Existiendo causas extraordinarias que requieren la inmediata vigencia de esta ordenanza, la misma regirá desde la fecha de su aprobación."

El dos de febrero del presente año fué denunciado Julio Ortiz en la Corte Municipal de Yauco imputándole haber infringido esa ordenanza porque voluntaria y maliciosamente

ocupó la plaza "Colón" de dicho pueblo para la celebración
de un *meeting* que llevó a efecto en dicha plaza desde las
nueve·a las once de la noche del día 29 de enero de 1920,
sin que hubiera solicitado del Comisionado de Servicio Pú-
blico, Policía y Prisiones, por escrito y con veinte y cuatro
horas·por lo menos de anticipación, el correspondiente per-
miso, expresando el día y hora en que iba a llevarse a efecto.

La corte municipal condenó a Ortiz a pagar diez dó-
lares de multa y en defecto de pago a sufrir prisión. En-
carcelado Ortiz presentó en la Corte de Distrito de Ponce
solicitud de *habeas corpus* pidiendo ser puesto en libertad
fundándose en que la ordenanza por cuya infracción se le
ha reducido a prisión es incompatible con la sección 2ª., pá-
rrafo 17 de la Ley Orgánica de esta Isla, preceptiva de que
"no se aprobará ninguna ley restringiendo la libertad de
la palabra o de la prensa o el derecho del pueblo a reunirse
en asamblea pacífica y pedir al Gobierno la reforma de los
abusos"; y nula porque el artículo 9 de la Ley No. 85 de la
Asamblea Legislativa de esta Isla estableciendo un sistema
de gobierno local y reorganizando los servicios municipales
limita la facultad legislativa y administrativa de los mu-
nicipios, prohibiéndoles adoptar ninguna ordenanza, reso-
lución ni acuerdo que en modo alguno viole ninguna de las
leyes de Puerto Rico y de los Estados Unidos que estuvieren
en vigor, por cuyas razones alegó que fué juzgado, condenado
y encarcelado sin autoridad de ley. Habiendo resuelto la
Corte de Distrito de Ponce dicha solicitud en contra de Or-
tiz interpuso el presente recurso de apelación.

El caso de *El Pueblo* v. *Padilla,* 20 D. P. R. 276, en que
principalmente se basa el apelante para sostener su recurso
no es de aplicación al presente caso porque la sentencia ab-
solutoria que entonces dictamos se basó en que Padilla no
estaba comprendido dentro de las prescripciones de la or-
denanza que se alegaba había infringido y por tanto no fué
necesario entrar en el estudio de los términos en que apa-
recía redactada. En el presente caso el apelante se halla

comprendido dentro de las prescripciones de la ordenanza de Yauco porque aunque en ella se expone como fundamento de la misma los frecuentes *meetings* que se estaban celebrando con motivo de la huelga agrícola se hace sin embargo obligatorio para toda persona que interese ocupar una de las plazas o calles de la población con tal objeto qué solicite por escrito y con veinte y cuatro horas de anticipación por lo menos el correspondiente permiso.

Para resolver este recurso es bueno tener presente algunas de las declaraciones de carácter general que hicimos en el caso de *El Pueblo* v. *Padilla, supra,* según las cuales una ordenanza municipal que coarta el derecho consignado en la ley de 27 de febrero de 1902 definiendo los derechos del pueblo, sustancialmente igual a la declaración que hace nuestra Ley Orgánica posterior que hemos copiado es completamente nula; que regular no es coartar en todas ocasiones; que el poder de los gobiernos municipales para prescribir reglas sobre el tránsito por sus calles y el uso de sus plazas y paseos es incuestionable, dependiendo todo de la forma en que se use; que si se emplea de un modo razonable, debe acatarse por los ciudadanos y reconocerse por los tribunales y que si se ejerce en forma arbitraria queda desprovista de toda autoridad, por lo que las ordenanzas que regulan el derecho del pueblo deben interpretarse de un modo restrictivo.

De acuerdo, pues, con los precedentes principios, la cuestión a decidir en el presente caso es si el Concejo Municipal de Yauco usó razonablemente del derecho incuestionable que tiene para regular el uso de las plazas y calles de dicha población al decretar que para usarlas para la celebración de *meetings* habrá de solicitarse permiso del Comisionado de Servicio Público, Policía y Prisiones con veinte y cuatro horas de anticipación por lo menos. En otras palabras, ¿el término de veinte y cuatro horas requerido por la ordenanza es tan largo que coarta el derecho reconocido por nuestra

Carta Orgánica al pueblo para reunirse en asambleas pacíficas? Tal es la cuestión a resolver en éste recurso.

De la ordenanza que hemos transcrito resulta que la razón que tuvo el Concejo Municipal de Yauco para exigir ese término fué la de que el Comisionado de Servicio Público, Policía y Prisiones pudiera dar aviso inmediato de la celebración de tales asambleas al jefe de la policía del distrito para su conocimiento y acción procedente, y opinamos que para ese fin no es razonable el término de veinte y cuatro horas que por la ordenanza se exige como mínimo para obtener licencia los que quieran celebrar una reunión pública, porque dadas las facilidades de comunicación que hay en esta Isla por telégrafo, teléfono y por carreteras, resulta tan grande que coarta el derecho de reunión pacífica y lo haría ilusorio en muchas ocasiones, tanto más cuanto que dicho comisionado no está facultado para acortarlo.

Por las razones expuestas resulta ilegal la prisión a que fué reducido el apelante y debemos revocar la resolución que negó su petición de excarcelación y ordenar que quede en libertad, cancelándose la fianza que tiene prestada para estar en libertad mientras se resolvía esta apelación.

> *Revocada la resolución apelada y declarado con lugar el habeas corpus.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.